631 F.2d 767
 203 U.S.App.D.C. 185
 The COUNTY OF LOS ANGELES, CALIFORNIA, a Political
Subdivision of the State of California et al., Appellants,
v.
The Honorable F. Ray MARSHALL, Secretary of Labor of the
United States et al.
The COUNTY OF LOS ANGELES, CALIFORNIA, a Political
Subdivision of the State of California et al.,
Louisiana Municipal Association et al., Appellants,
v.
The Honorable F. Ray MARSHALL, Secretary of Labor of the
United States et al., (two cases).
The COUNTY OF LOS ANGELES, CALIFORNIA, a Political
Subdivision of the State of California, the State
of South Carolina, the State of Alaska
et al., Appellants,
v.
The Honorable F. Ray MARSHALL, Secretary of Labor of the
United States et al.
The COUNTY OF LOS ANGELES, CALIFORNIA, a Political
Subdivision of the State of California, the State
of South Carolina, the State of Alaska
et al., the State of Utah, Appellant,
v.
The Honorable F. Ray MARSHALL, Secretary of Labor of the
United States et al.
 Nos. 77-2138, 78-1142, 78-1232, 78-1275 and 78-1311.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Feb. 14, 1979.
Decided March 19, 1980.
Certiorari Denied Oct. 6, 1980. See 101 S.Ct. 113.
 
 Appeal from the United States District Court for the District of Columbia (D.C. Civil No. 77-2023).
 William S. Rhyne, Washington, D. C., with whom Charles S. Rhyne, Martin W. Matzen and David V. Anthony, Washington, D. C., were on the brief, for appellants, County of Los Angeles et al.
 Calvin L. Rampton, Salt Lake City, Utah, a member of the bar of the Supreme Court of Utah, was allowed to argue (pro hac vice), for appellants, County of Los Angeles et al.
 Robert T. Duffy, Atty., Dept. of Justice, Washington, D. C., with whom M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews and Leonard J. Henzke, Jr., Attys., Dept. of Justice, Washington, D. C., were on the brief for appellee, Dept. of Justice.
 George Kaufman, Washington D.C., with whom were on the brief. Frank J. Kelley, Atty. Gen., Robert A. Derengoski, Sol. Gen., Lansing, Mich., E. J. Setlock, Asst. Atty. Gen., Detroit, Mich., for the State of Mich., A. L. Zwerdling, Janet Kohn, Washington, D. C., for A.F.S.C.M.E., J. Albert Woll, Gen. Counsel, AFL-CIO, Laurence Gold, Sp. Counsel, AFL-CIO, Edward J. Hickey, Jr., Gen. Counsel, Public Emp. Dept., AFL-CIO, Washington, D. C., for the AFL-CIO.
 Donald A. Carr, Peter B. Archie, Michael A. Nemeroff, Frederick Simpich, Thomas A. Shannon, August W. Steinhilber, Washington, D. C., and John J. Gunther, were on the brief, for amici curiae of the International City Management Ass'n, National Ass'n of Counties, National Ass'n of Towns and Townships, National League of Cities, National School Boards Ass'n, and the U.S. Conference of Mayors, in support of the position of appellant, County of Los Angeles, et al.
 Frederick Simpich, Thomas A. Shannon and August W. Steinhilber, Washington, D. C., were on the brief for International Personnel Management Ass'n and Nat. School Boards Ass'n as amicus curiae.
 Before McGOWAN, LEVENTHAL* and ROBB, Circuit Judges.
 Opinion PER CURIAM.
 
 PER CURIAM:
 
 1
 In these consolidated appeals a number of states and political subdivisions have challenged, on constitutional grounds, the failure of the District Court to afford them the injunctive and declaratory relief sought by them with respect to the 1976 amendments to the Federal Unemployment Tax Act (FUTA). These amendments extended the reach of that Act to the employees of state and local governments. Pub.L. No. 94-566, 90 Stat. 2667 (1976).
 
 
 2
 The constitutional objections asserted by appellants derive from the Tenth Amendment, and their reliance is upon National League of Cities v. Usery, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). In that case the Supreme Court invalidated, as in contravention of the Tenth Amendment, the extension by the Congress of the Fair Labor Standards Act to the employees of state and local governments.
 
 
 3
 The first line of defense interposed by the federal appellees was that the strictures of the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a), and the tax exception provisions of the Declaratory Judgment Act, 28 U.S.C. 2201-2202, operated to foreclose the relief sought. The District Court so held, and did not reach the constitutional claim. On appeal, this holding was attacked as erroneous, and the constitutional challenge was renewed.
 
 
 4
 As early as the oral argument before us, it appeared that this same challenge had been made by the State of New Hampshire Department of Employment Security in an administrative proceeding involving the decertification by the Secretary of Labor of New Hampshire's conformity to FUTA as amended, and that it was being pressed in a review of that proceeding pending before the United States Court of Appeals for the First Circuit. 26 U.S.C. § 3310. In the interest of inter-circuit comity and the concomitant husbanding of scarce judicial resources, this court concluded to await the disposition to be made of the constitutional claim by the First Circuit a disposition which did not implicate the substantial preliminary questions confronted by this court by reason of the Anti-Injunction and Declaratory Judgment Acts.
 
 
 5
 The First Circuit's decision was delayed by the representations of the parties that settlement negotiations were proceeding. Those negotiations having at length proved abortive, the First Circuit has now decided the case. State of New Hampshire Department of Employment Security v. Marshall, 616 F.2d 240 (1980). In addition to sustaining the Secretary's decertification of New Hampshire as not conforming in certain respects with FUTA, the First Circuit addressed the Tenth Amendment contention and concluded that it was unavailing. We agree with the constitutional determination so made by the First Circuit, and adopt its reasoning as fully applicable to the consolidated appeals before us.[1]
 
 
 6
 That reasoning correctly, we think rests upon the proposition that Usery, involving a mandatory imposition on state and local governments bottomed upon the commerce clause, is wholly distinguishable, and diminishes in no way the authority of Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279 (1937) the case which upheld the scheme of federal-state cooperation founded upon the spending power and embodied in FUTA as it was originally enacted. The voluntary and wholly optional aspect of that scheme persists in full measure under the 1976 amendments, and serves to defeat the contentions advanced by appellants of coercion and improper transgression upon the sovereignty of the states shielded by the Tenth Amendment.
 
 
 7
 In following the course we have, we think it relevant to note that counsel for appellants in this case participated in the First Circuit review proceeding as counsel for petitioners, and also for the amici curiae, one of which was the County of Los Angeles, a principal appellant before us. Of that amicus, the First Circuit said that "it has had an opportunity to present its constitutional arguments exhaustively from every conceivable angle."
 
 
 8
 The judgment of the District Court dismissing the complaint is affirmed.
 
 
 9
 It is so ordered.
 
 
 
 *
 Circuit Judge Leventhal was a member of the panel which considered this case but died before the opinion was issued
 
 
 [1]
 There were six particulars in which the Secretary found New Hampshire to be non-conforming, only two of which related to state and local employees. Because the court sustained the Secretary as to all of them, Judge Campbell did not think it necessary to reach the constitutional issue. The majority, however, pointed out that, in the administrative proceeding, New Hampshire introduced virtually no evidence on conformity but rather focused on its constitutional claim. Indeed, it advised the First Circuit in brief that it was not in conformity "because of its refusal to amend its law to accommodate the unconstitutional public sector program financing requirements." As to the four non-conformity findings limited to the private sector, New Hampshire asserted to the court that it recognized the necessity for it to conform but it understood that the Secretary had waived these requirements pending resolution of the constitutional issue. The court found no such waiver, but since the constitutional claim involving the public employees seemed to the majority to be at the heart of a controversy which sorely needed to be laid to rest, it thought it best to decide it